Haight, J.
This action was brought to recover damages for negligently causing the death of William Burns, the plaintiff’s intestate.
The accident occurred on the 24th day of June, 1892, by the caving in of the walls of a trench which Burns was digging for a sewer. The only negligence charged against the defendant is in failing to warn Burns not to work at the .particular place in the trench where he received his injury.
The circumstances are substantially as follows: ' Matthews, the? defendant, was engaged in constructing a sewer through Murray street in the city of Binghamton. James Pethcal was his foreman in charge of the work. The trench had been excavated'and curved from the mouth of the sewer north to a point where there was a manhole. Just north of the manhole the trench had been excavated to a depth of from eight to ten feet. The foreman then gave direction to the men not to dig it deeper until it was-curbed, and, at the same time, gave direction to the men who were engaged in that kind of work to curb the trench at that place. From that point north the trench had been partially excavated for a distance of fifty feet, varying from eight to one foot in depth until it approached the surface. Shortly after giving the order for the men to quit digging a heavy shower came up and all of the workmen upon the sewer quit work for the remainder of the day. The next morning at seven o’clock, the workmen, about fifty in number, assembled at the tool box, which stood near the manhole, Burns with the rest. ■ It was his first engagement upon this sewer. He had previously been in the employ of the defendant at work upon another sewer, and, having completed his work there, was transferred to this. The" foreman at the hour-named gave a general order to the men to go to work and each man started, selecting his own place in the trench in which to-work Burns and two others went north of the manhole and took positions in the trench and commenced work, Burns at the place-where the men the day before had been ordered to quit work until the curbing was placed. The evidence further tends to show that the foreman, at the time of giving the order, instructed thecurbers target their tools and curb the trench at that place, and *335 that they started, to obey this instruction ; that the foreman then started down to the south end of the trench to take the names and time of the men, and whilst so engaged, and within a very few minutes thereafter, the accident occurred. There was one witness who testified that when he first saw the foreman he was standing by the manhole; that the witness saw Burns after he went to work ; that the foreman stood right by the manhole where Burns was working. Upon his cross-examination, however, he testified that the foreman was a couple of hundred feet south. He does not distinctly state that the foreman saw Burns go to work in the trench. All of the other evidence on behalf of the plaintiff tends to show that the foreman immediately started south after-giving the directions referred to, and we are of the opinion that, the evidence fairly construed is to the effect that the foreman did not see or know that Burns commenced work in the trench at the point of the accident. It further appears that the forman entered the trench at the point in question before the men were set at work ; that he took some tools out that were left therein, and that he saw no indications of weakness in the walls of the trench; that their practice was to curb as soon as the trench was from eight tO' ten feet deep, and that all of the trench had been curbed south of the manhole.
Had the foreman known that the walls of the trench were likely to give away it doubtless would have been his duty to have warned Bnrns, but.masters are not insurers against accidents and they ought not to have extraordinary and unexpected burdens imposed upon them. They are required to be careful' and prudent, and to exercise the care and caution over the men in their employ that careful and prudent men ordinarily exercise. A foreman, having fifty men under him, cannot be expected to keep his eye constantly upon every man and see that he does not step into a place of danger, nor can he, having the care of so many, be expected momentarily to think of every danger that may befall them. Bach man is expected to have some judgment and care with reference to the preservation of himself from danger, and of necessity much has to be left to his care in this regard. Burns was not set at work upon a dangerous machine about which he had no knowledge, but instead he was directed to dig a trench for a sewer. He had done such work before, and so far as appears was a man of reasonable intelligence and must have known something of the dangers .of working in deep trenches without curbing. He was at liberty to select his own place to work in the trench and he might have commenced where it was but a foot deep. He knew that curbing had been put in up to the manhole and that it must have been the intention of the foreman to curb north therefrom.
' Under the circumstances we are inclined to the view that it would not be just to charge the foreman with negligence in failing to warn the deceased, and that his death resulted from his own. want of care.
The judgment should be affirmed.
All concur, except Bartlett, J., who dissents on the ground *336 •that Pethcal, the foreman, represented the defendant, the master, in such duties as the latter owed deceased for his safety and protection ; that there was a conflict of evidence as to whether the master discharged those duties and the plaintiff was entitled to go •to the jury.
Judgment affirmed.